IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WILLIAM HAMMANN<br>*Plaintiff,* | § § § § § § | |
| vs. | § § | CAUSE NO. 5:16-CV-380 |
| R & M TRANSPORTATION, INC.<br><br>and ANTHONY MOJICA<br>*Defendants* | § § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes WILLIAM HAMMANN, hereinafter at times referred to as Plaintiff, complaining of and about R&M TRANSPORTION, INC. and ANTHONY MOJICA, hereinafter called Defendants, and for cause of action would show the following:

### 1. JURISDICTION & VENUE

1.1.  This Court has jurisdiction over this suit pursuant to 28 U.S.C., §1332(a)(1) because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

1.2.  Venue is proper in this Court pursuant to 28 U.S.C., §1391(a) (2), as a substantial part of the events or omissions giving rise to this claim occurred in Bexar County, Texas, a county encompassed within the Western District of Texas. *See also* 28 U.S.C. §§ 124; 1441.

## 2. PARTIES

2.1. WILLIAM HAMMAN is a resident of San Antonio, Bexar County, Texas.

2.2. Defendant R & M TRANSPORTATION, INC. is a Nebraska corporation, whose principal place of business is Elkhorn, Nebraska. Defendant R & M TRANSPORT, INC. was and is doing business in the State of Texas. Service of process can be accomplished by serving its registered agent for service: Michael Sortino, 8951 South 126th St., Omaha, NE 68138.

2.3. Defendant ANTHONY MOJICA is a nonresident of the State of Texas. This Defendant may be served by serving a certified copy of this action on the Chairman of the Texas Transportation Commission, as the agent for service of process for said Defendant *See* FED. R. CIV. P. 4(c)(e); TEX. CIV. PRAC. REM. CODE Sections 17.061 *et. seq*. The residence of this Defendant is 2304 N Meade Ave, Chicago, Illinois 60639.

## 3. NATURE OF THE ACTION

3.1. This is a negligence case resulting from the negligent acts and omissions of R & M TRANSPORT, INC. and ANTHONY MOJICA.

## 4. FACTS

4.1. On or about September 28, 2015, Plaintiff WILLIMAN HAMMAN, was traveling eastbound on the 5200 block of E. Houston Street, San Antonio, in Bexar County, Texas attempting to make a left turn onto the 410 access road when Defendant ANTHONY MOJICA, operating a tractor trailer, also traveling eastbound on E. Houston street and making a left turn onto the 410 access road, suddenly and without warning, failed to stay in his lane and caused a collision between his trailer and Plaintiff, WILLIAM HAMMAN.

4.2.    At the time of the collision, Defendant, ANTHONY MOJICA was operating a vehicle owned by Defendant, R&M TRANSPORT, INC.

4.3.    Plaintiff, WILLAIM HAMMAN, sustained trauma to his body including an injured shoulder which required surgery and forced him to receive medical treatment and have prevented him continuing his daily activities in a normal manner.

## 5. CLAIM I: NEGLIGENCE

5.1.    On the date of the occurrence made the basis of this suit, Plaintiff, WILLIAM HAMMANN, sustained severe injuries.

5.2.    Plaintiff's damages were proximately caused by the negligence of Defendant, R&M TRANSPORTATION, INC. individually and acting by and through their agents, servants, employees, and/or statutory employees (as that term is defined by the Federal Motor Carrier Act and Federal Motor Carrier Regulations), specifically Defendant ANTHONY MOJICA.

5.3.    R&M TRANSPORTATION, INC. is liable for the acts and/or omissions of its agents, servants and employees under the doctrine of respondeat superior.

5.4.    Defendant, R&M TRANSPORTATION INC. had a duty to keep its vehicles in a reasonably safe condition and a duty to reasonably train and supervise its employees and/or statutory employees.

5.5.    Defendant had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

5.6.    Plaintiff alleges that the Defendants, their agents, servants, employees, and/or statutory employees who were at all times acting in the course and scope of their employment or as statutory employees, were guilty of negligence toward the Plaintiff in the following respects:

  5.6.  By failing to keep such a lookout as a person of ordinary care would have kept;

  5.6.  By driving at a greater rate of speed than a person using ordinary care would have driven;

  5.6.  By failing to make such application of the brakes as a person using ordinary care would have made;

  5.6.  By failing to operate the vehicle in a reasonable manner;

  5.6.  By failing to maintain a single lane of travel;

  5.6.  By failing to make a left hand turn properly.

5.7. Plaintiff alleges that each and every, all and singular of the aforementioned acts and/or omissions on the part of the Defendants, their agents, servants, employees and/or statutory employees, constitute negligence which was and is the direct and proximate cause of the injuries and damages sustained by Plaintiff as hereinafter set out.

### 6. CLAIM II: NEGLIGENCE PER SE

6.1. Additionally, Defendants are liable for damages to the Plaintiff for actions which constitute negligence per se, as the term is defined by law, by unreasonably violating one of more of the following statutes, said violation proximately causing the occurrence in question and the damages to the Plaintiff:

  6.1.1.  Transportation Code, Section 545.060: in failing to drive within a single lane and not moving from the lane unless that movement can be safely made.

6.2. Plaintiff alleges that each and every, all and singular unreasonable violations of the aforementioned statutory provisions on the part of the Defendants, their agents, servants, employees and/or statutory employees, constitute negligence which was and is the direct and proximate cause of the injuries and damages sustained by Plaintiff as hereinafter set out.

## 7. ACTUAL DAMAGES

7.1. Plaintiff would show that as a direct result of the negligence of the Defendants, their officers, agents, employees, and servants, Plaintiff was caused to suffer serious and permanent personal injury to his shoulder and body generally.

7.2. As a direct and proximate result of the injury and the aforesaid negligence of Defendants, Plaintiff has incurred the following damages:

- 7.2.1. Reasonable and necessary medical expenses in the past;
- 7.2.2. Reasonable and necessary medical expenses which, in all reasonable probability, will be incurred in the future;
- 7.2.3. Physical pain suffered in the past;
- 7.2.4. Physical pain which, in all reasonable probability, will be suffered in the future;
- 7.2.5. Mental anguish suffered in the past;
- 7.2.6. Mental anguish which, in all reasonable probability, will be suffered in the future;
- 7.2.7. Physical impairment in the past;
- 7.2.8. Physical impairment which, in all reasonable probability, will be suffered in the future;
- 7.2.9. Loss of wage earning capacity and lost wages in the past;
- 7.2.10. Loss of wage earning capacity and wages in the future;
- 7.2.11. Physical disfigurement in the past; and
- 7.2.12. Physical disfigurement which, in all reasonable probability, will be suffered in the future.

## 8. JURY DEMAND

8.1. Plaintiff requests a trial by jury of his peers.

## 9. PRAYER

9.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that on final hearing of this cause, Plaintiff have Judgment against Defendants.

9.2. Plaintiff prays for a judgment against the defendants in monetary relief over $200,000 but not more than $1,000,000.

9.3. Plaintiff further prays for pre-judgment and post-judgment interest, as allowed by law.

9.4. Plaintiff further prays for such further relief, both general and special, legal and equitable, to which Plaintiff may be justly entitled.

Date April 15, 2016

Respectfully submitted,

LAW OFFICES OF FIDEL RODRIGUEZ, JR.
111 Soledad, Suite 1300
San Antonio, Texas 78205
(210) 224-1057; Telephone
(210) 224-0533; Facsimile

BY:   /S/ FIDEL RODRIDGUEZ, JR.
FIDEL RODRIGUEZ, JR.
State Bar No. 17145500
fidel@fidrodlaw.com
RAUL B. RODRIGUEZ
State Bar No. 24049475
rrodriguez@fidrodlaw.com

ATTORNEYS FOR PLAINTIFF
WILLIAM HAMMANN